Filed 2/19/16  P. v. Caico CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C078468 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F00271) |
| v. | |
| VINCENT ANGELO CAICO, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment but order an amendment of the abstract of judgment, as we shall explain.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

An amended consolidated felony complaint filed in March 2014 charged defendant Vincent Angelo Caico and a codefendant with two counts of second degree

1

robbery (counts 1 & 2; Pen. Code, § 211).[1]  As to both counts, the complaint alleged that defendant personally used a deadly and dangerous weapon, a knife (§ 12022, subd. (b)(1)).

In September 2014, defendant pleaded no contest to count 1, in return for the dismissal of count 2 (with a *Harvey*[2] waiver as to victim restitution) and the personal use of a deadly and dangerous weapon allegations, and a low-term state prison sentence of two years.  With the concurrence of defendant and his counsel, the prosecutor recited the factual basis for the plea as follows:  "On or about January 8th, 2014[,] in the County of Sacramento, this defendant . . . did commit a felony; namely, a violation of Section 211 of the Penal Code[,] in that this defendant did unlawfully and by means of force and fear take the personal property from the Radio Shack and a Richard Lopez in Sacramento County.  [¶]  Specifically, he was with . . . another individual inside that Radio Shack, was masked and armed with a knife, came into that Radio Shack while they were closing around 9:00 p.m., took approximately 60 cell phones.  [¶]  One of the cell phones had a GPS tracking device that tracked the movements once they got out in the car outside of that shop and eventually once they ditched the car . . . .  [¶]  Some of his personal property was found in the get-away car."

In December 2014, the trial court imposed the previously agreed two-year state prison sentence.  The court awarded defendant 369 days of presentence custody credit (321 actual days and 48 conduct days).  The court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 suspended parole revocation restitution fine (§ 1202.45), and a $40 court security fee (§ 1465.8).  The court expressly waived all other fines and

---

[1]  Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

[2]  *People v. Harvey* (1979) 25 Cal.3d 754.

fees.  Lastly, the court ordered victim restitution in the amount of $811.29 to Radio Shack, payable jointly and severally with the codefendant (§ 1202.4, subd. (f)).

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We must remand the matter to the trial court, however, for correction of the abstract of judgment.  First, the abstract fails to show the $811.29 victim restitution to Radio Shack ordered by the court, instead erroneously stating that such restitution remained to be determined.  Second, the abstract states that a $30 criminal conviction assessment (Gov. Code, § 70373) was ordered, despite the court's oral statement that it waived all fines and fees other than those it specifically ordered at sentencing.

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. [Citations.]"  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)  The abstract of judgment may not add to or modify the judgment.  (*Id.* at p. 389.)  This rule applies even to mandatory fines and fees, such as the criminal conviction assessment under Government Code section 70373.  (*Ibid*.)  Because the trial court stated that it was waiving all fines and fees other than those it expressly imposed, the abstract of judgment could not properly add any fines or fees to the judgment.

3

## DISPOSITION

The judgment is affirmed.  The matter is remanded to the trial court with directions to prepare an amended abstract of judgment that includes the $811.29 victim restitution ordered by the court and omits the $30 criminal conviction assessment under Government Code section 70373, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

_____MURRAY_____, J.


We concur:


_____HULL_____, Acting P. J.


_____RENNER_____, J.

4